| | | |
|---|---|---|
| **JAMES G. DERBES** | * | **NO. 2019-CA-0574** |
| **VERSUS** | * | |
| | | **COURT OF APPEAL** |
| **THE CITY OF NEW ORLEANS** | * | **FOURTH CIRCUIT** |
| | * | |
| | | **STATE OF LOUISIANA** |

**\* \* \* \* \* \* \***

APPEAL FROM
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2018-02921, DIVISION "L"
Honorable Kern A. Reese, Judge
\* \* \* \* \* \*
**Judge Edwin A. Lombard**
\* \* \* \* \* \*

(Court composed of Judge Edwin A. Lombard, Judge Sandra Cabrina Jenkins,
Judge Tiffany G. Chase)


James G. Derbes
In Proper person
1671 Robert Street
New Orleans, LA 70115

    COUNSEL FOR PLAINTIFF/APPELLANT


Shawn Lindsay
DEPUTY CITY ATTORNEY
Tanya L. Irvin
ASSISTANT CITY ATTORNEY
Donesia D. Turner
SR. CHIEF DEPUTY CITY ATTORNEY
Churita H. Hansell
CHIEF DEPUTY CITY ATTORNEY
Sunni J. LeBeouf
CITY ATTORNEY
1300 Perdido Street
City Hall - Room 5E03
New Orleans, LA 70112

    COUNSEL FOR DEFENDANT/APPELLEE


**DECEMBER 4, 2019**

Justin B. Schmidt
BREAZEALE, SACHSE & WILSON, L.L.P.
909 Poydras Street, Suite 1500
New Orleans, LA 70112

COUNSEL FOR INTERVENORS-APPELLEES, ROSE DRILL
PETERSON and FRANK PETERSON


**AFFIRMED**

This appeal is from the district court judgment granting an exception of improper cumulation filed by the defendant, the City of New Orleans by and through its Board of Zoning Adjustments ("BZA") in response to the petition filed in district court by the plaintiff/appellant, James G. Derbes, for judicial review of two separate BZA determinations, BZA docket No. 014-17 and BZA docket No. 101-17, on December 19, 2018.[1] After review of the record in light of the applicable law and arguments of the parties, the judgment of the district court is affirmed.

***Relevant Facts and Procedural History***

Mr. James G. Derbes, is the owner of a reception facility located at 2257 Bayou Road, a/k/a Benachi House and Gardens, in a HU-RDI zoning district. Although the property is located within a zoning district that does not allow reception facilities, it has been determined that the Benachi House has legal non-conforming use to operate as a reception facility because the property had continuously held commercial activities without the City bringing an action to

---

[1] The petitioner's motion for a new trial was denied on April 29, 2019.

stop the commercial use of the property. *Derbes v. City of New Orleans,* 2005-1249 (La. App. 4 Cir. 8/30/06), 941 So.2d 45.

Upon his decision to build a bandstand at the edge of his property, Mr. Derbes applied for a building permit with the City's Department of Safety and Permits to build the bandstand in conjunction with an existing shed on the property. The permit application was initially granted on November 29, 2016, by a Zoning Administrator within the Department (on behalf of the Director of Safety and Permits, Dr. Jared Munster) based on his interpretation of the pertinent zoning regulation that the existing shed on the property could be used as the setback for the new structure. The adjoining property owners, Rose and Frank Peterson, objected to Mr. Derbes' plan and filed an appeal with the zoning board, BZA docket No. 014-17). The BZA granted the Petersons' appeal on February 19, 2018, overturning the decision of its Director of Safety and Permits.

Meanwhile, Mr. Derbes filed a permit application for construction of a 950 square foot "Accessory Pavilion" on his property to use in conjunction with events staged at his reception facility. The permit was denied by Department of Permits and Safety based on its conclusion that, although the property enjoys the status of a legal non-conforming use allowing Mr. Derbes to conduct an events facility business in a zoning district where such businesses are prohibited by the city zoning ordinances, the proposed pavilion constituted a prohibited expansion of the non-conforming use status, thereby requiring a zoning change. On December 20, 2016, Mr. Derbes appealed this decision to the zoning board, BZA docket No. 101-

2

17. The BZA denied Mr. Derbes' appeal on February 19, 2018, upholding the decision of the Director of Safety and Permits to deny the permit.

` On March 26, 2018, Mr. Derbes filed a single petition in Civil District Court seeking joint judicial review of the two separate administrative decisions. At a status conference in May 2018, the district court indicated that appeals of the BZA decisions should be filed separately. Mr. Derbes took no action and on June 11, 2018, the City (through its BZA) filed an Exception of Improper Cumulation pointing out that Mr. Derbes improperly sought to appeal two separate administrative decisions in the district court although the matters were not consolidated at the underlying administrative hearings. In support of its exception, the City filed a supplemental memorandum with an email between the City Planner and Mr. Derbes which established that Mr. Derbes was aware the two matters would not be consolidated before the BZA because they were separate appeals concerning two separate BZA determinations.

After a hearing on December 7, 2018, the district court granted the Exception of Improper Cumulation and ordered Mr. Derbes to amend his petition to delete one of the BZA appeals in the instant case and to re-file the deleted BZA appeal as a separate case in accordance with the procedures of the Orleans Parish Civil District Court Clerk's Office.

This appeal was timely filed.

*Applicable Law*

The district courts have original jurisdiction to review BZA administrative decisions. *Dupuis v. City of New Orleans through Zoning Board of Zoning Adjustments,* 2017-0052, pp. 2-3 (La. App. 4 Cir. 8/2/17), 224 So.3d 1046, 1048 (citations omitted)  As such, the district court sits as an appellate court in administrative review matters.  Pursuant to La. Code Civ. Proc. art. 464, when cumulation is improper for any reason beyond jurisdiction or venue, a district court may order separate trials of the action or order the plaintiff to elect which action to proceed with and delete all allegations relating to the actions he elects to discontinue.

*Discussion*

Mr. Derbes argues, in effect, that although the BZA determinations were not consolidated before the BZA because the BZA considered the two actions separate, it was error for the district court to grant the exception of improper cumulation when he attempted to appeal the two decisions in one proceeding.

This is a procedural matter.  Although both BZA decisions pertain to Mr. Derbes' property and his attempt to build an additional structure on it for commercial purposes, the BZA decisions arise from different permit applications and procedural postures with separate BZA docket numbers and records.  The Civil District Court sits as an appellate court in administrative review matters. The matters were not consolidated before the BZA.  In granting the exception of improper cumulation,  the district court specifically ordered Mr. Derbes to proceed

4

with the appeal of one BZA decision and file a separate action in Civil District Court to appeal the other BZA decision, thereby protecting Mr. Derbes' right to appeal both decisions. Pursuant to La. Code Civ. Proc. art. 464, it was within the district court's discretion as to whether to order separate trials of the actions or to order Mr. Derbes to proceed in separate actions. We do not find that the district court abused that discretion.

*Conclusion*

The judgment of the district court is affirmed.

**AFFIRMED.**